## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KENDRA HARPER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NBI, INC.,<br><br>    Defendant. | CASE NO. 24-cv-644<br><br>(JURY TRIAL DEMANDED) |

## JOINT RULE 26(f) REPORT ON DISCOVERY PLANNING CONFERENCE

Pursuant to the Court's Order for counsel to conduct a discovery conference and file a report, by November 25, 2024, the parties submit the following Fed. R. Civ. P. 26(f) report and proposed discovery plan.

**1)  A concise statement of the nature of the case**.

Plaintiff Harper alleges that Defendant transmitted her personally identifiable information to Meta Platforms, Inc., in violation of the federal Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710.  The personally identifiable information allegedly included her unique Facebook ID (that identifies her Facebook profile), and the titles of the videos or other services she requested or obtained from Defendant.  She alleges, at the time she requested or obtained materials from Defendant's website, Defendant transmitted her personally identifiable information via the use of tracking code called the Meta Pixel on its website, nbi-sems.com.  Defendant denies Plaintiff's claims.  Defendant maintains that Plaintiff has not and cannot state a claim for alleged violation of the VPPA and that Plaintiff cannot demonstrate the required elements of her claim.

2) **The names of any related cases.**

The parties are aware of none.

3) **A concise statement of the material factual and legal issues to be resolved at trial.**

   a. Whether Defendant used the Meta Pixel on its website at the time Plaintiff allegedly requested or obtained materials from Defendant's website;

   b. Whether Defendant knowingly disclosed Plaintiff's and putative Class members' personally identifiable information to Meta via the Meta Pixel on its website;

   c. Whether Defendant's conduct violates the VPPA, 18 U.S.C. § 2710;

   d. Whether Defendant is a Video Tape Service Provider within the meaning of the VPPA;

   e. Whether continuing legal education courses are "prerecorded video cassette tapes or similar audio visual materials" within the meaning of the VPPA;

   f. Whether Defendant should be enjoined from disclosing Plaintiff's and putative Class members' personally identifiable information to Meta; and

   g. Whether Plaintiff and putative Class members are entitled to statutory damages for the aforementioned alleged violations.

4) **A description of any amendments to the pleadings that any party intends to seek and a brief explanation of the bases for any such amendments.**

Plaintiff does not anticipate filing a second amended complaint.

5) **The identity of any new parties any party intends to add and a brief explanation of the bases for any such additions.**

The parties do not intend to add any new party at this time.

6) **A proposed case schedule.**

Defendant respectfully submits that discovery should be stayed pending a ruling on its motion to dismiss. Plaintiff maintains that discovery should commence now and not be stayed during the pendency of the motion to dismiss. Consequently, because the parties were not able

to agree on this point, Defendant intends to file a motion to stay discovery pending the resolution of its motion to dismiss.  However, under the event that such motion is denied, the parties submit the following scheduled based on the Court's stated preferences:

    a. Motions to amend the pleadings and to add parties:    Jan. 17, 2025

    b. Expert Disclosures[1]:
       i. Plaintiff:    Aug. 18, 2025
       ii. Defendant:    Oct. 3, 2025

    c. Dispositive motions:    Oct. 27, 2025

    d. Motion for class certification:    Oct. 27, 2025

    e. Close of discovery:    Jan. 26, 2026

    f. Trial:    April 20, 2026

    g. Estimated trial length:    5 days

**7) A discovery plan**:

    a. The parties shall exchange their Initial Disclosures under Rule 26(a)(1) by December 4, 2024. The parties are not requesting any changes to the timing, form, or requirement for Initial Disclosures.

    b. The parties will meet and confer on an ESI protocol and submit it to the court for entry, if necessary.

    c. The parties propose that if any response encompasses privileged documents, the party create a privilege log and serve it simultaneously with its document production.  The parties reserve the right to supplement the log if additional relevant privileged documents are subsequently discovered.  It shall not be deemed a waiver of the applicable privilege if the responding party discovers additional responsive documents that need to be included on a supplemental privilege log.

---

[1] The parties will meet and confer on the need for rebuttal experts, and if needed, confer on a deadline for disclosure.

8) **Any other matter affecting the just, speedy, or inexpensive determination of this case, or that which the court should consider in setting the schedule.**

The parties have not identified anything additional at this time.

Dated: November 25, 2024            Respectfully submitted,

By: *s/ Julie Holt*
       Julie Holt

**HEDIN LLP**
Julie Holt
jholt@hedinllp.com
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

*Counsel for Plaintiff and the Putative Class*

By: *s/ Gerald L. Maatman, Jr.*
       Gerald L. Maatman, Jr.

**DUANE MORRIS LLP**
Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Tel: (312) 499-6700
Fax: (312) 499-6701

*Counsel for Defendant*