IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **KENDRA HARPER**, *individually and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**NBI, INC.**<br><br>*Defendant.* | **ORAL ARGUMENT REQUESTED**<br><br>Judge William Conley<br><br>Magistrate Judge Anita Boor<br><br>Case No. 24-CV-00644 |

### DEFENDANT NBI, INC.'S MOTION TO STAY DISCOVERY

Defendant NBI, Inc. ("NBI" or "Defendant"), by and through its attorneys, Duane Morris LLP, respectfully requests that the Court stay discovery until it rules on Defendant's Motion to Dismiss the Amended Complaint of Plaintiff Kendra Harper ("Harper" or "Plaintiff"). In support of this request, Defendant submits the contemporaneously filed Memorandum of Law and states as follows:

1. The Court should stay discovery in this case while the Court considers NBI's motion to dismiss the Amended Complaint because all four factors that courts typically analyze in these circumstances support such a stay.

2. *First*, this Court should stay discovery until it rules on the motion to dismiss because this action just started. The Court has not held a Rule 16 conference, and the Parties' proposed trial date is not until April 2026. Thus, the Parties will have ample time to take discovery, if necessary, after the Court rules on the motion to dismiss.

1

3. *Second*, this Court should stay discovery until it rules on the motion to dismiss because Harper will not suffer any prejudice as a result of the requested stay. Because NBI is taking reasonable steps to preserve relevant information, and any claims of generalized "delay" are insufficient, Plaintiff will suffer no prejudice here.

4. *Third*, this Court should stay discovery until it rules on the motion to dismiss because a ruling on that motion will streamline and simplify the issues and the discovery process. If the Court agrees with NBI's motion to dismiss, then no liability can attach and this case will be terminated. If the Court is inclined to side with Harper, then the motion to dismiss will eliminate a potential issue for discovery. Either way, a stay of discovery will promote a more efficient resolution of this matter.

5. *Fourth*, this Court should stay discovery until it rules on the motion to dismiss because otherwise NBI would suffer substantial prejudice and undue expense. NBI is a non-profit entity and the resources spent on discovery in this action will be diverted from NBI's mission and purpose of providing educational services.

WHEREFORE, Defendant NBI, Inc. respectfully requests that this Court grant its motion to stay discovery until it rules on Defendant's Motion to Dismiss Plaintiff Kendra Harper's Amended Complaint for failure to state a claim as well as grant it any other relief the Court deems just and proper.

**Dated:  November 25, 2024**                    Respectfully submitted,

NBI, INC.

By: s/ *Gerald L. Maatman, Jr.,*
One of its Attorneys

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Tel:  (312) 499-6700
Fax:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

*Attorneys for Defendant*