IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **KENDRA HARPER**, *individually and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**NBI, INC.**<br><br>*Defendant.* | **ORAL ARGUMENT REQUESTED**<br><br>Judge William Conley<br><br>Magistrate Judge Anita Boor<br><br>Case No. 24-CV-00644 |

**DEFENDANT NBI, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
**DUANE MORRIS LLP**
190 South LaSalle Street
Suite 3700
Chicago, Illinois 60603-3433
Tel:  (312) 499-6700
Fax:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

*Attorneys for Defendant*

i

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 4

ARGUMENT .......................................................................................................................... 4

I.    THIS LITIGATION IS AT THE EARLIEST POSSIBLE STAGE ............................. 5

II.   THERE IS NO PREJUDICE TO PLAINTIFF IF SHE DOES NOT OBTAIN DISCOVERY AT THIS EXACT MOMENT .............................................................. 6

III.  THE ISSUES WILL BE SIMPLIFIED FOLLOWING THE COURT'S RULING ON THE MOTION TO DISMISS ............................................................................... 7

IV.  THE STAY WILL REDUCE THE EXPENSES ON NBI, A 501(C)(3) NONPROFIT ORGANIZED FOR THE PURPOSE OF PROVIDING EDUCATIONAL COURSES, FROM THE FACT-INTENSIVE CLASS-WIDE DISCOVERY PROPOSED BY PLAINTIFF .................................................................. 9

CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Beadle v. Memphis City Sch.*, No. 07-CV-2719, 2008 WL 1787545 (W.D. Tenn. Apr. 17, 2008) .................................................................................................................. 9

*Bear Archery, Inc. v. AMS, LLC*, No. 18-CV-329, 2019 WL 430941 (W.D. Wis. Feb. 4, 2019) ..................................................................................................................... 4

*Bilal v. Wolf*, No. 06-CV-69768, 2007 WL 1687253 (N.D. Ill. June 6, 2007) ............................ 7

*Bilek v. Fed. Ins. Co.*, No. 21-CV-1651, 2022 WL 18912277 (N.D. Ill. Dec. 2022) .............................................................................................................................. 10

*GoodCat, LLC v. Cook*, No. 16-CV-01514, 2016 WL 10490470 (S.D. Ind. Nov. 21, 2016) ............................................................................................................................. 5

*Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17-CV-7216, 2019 WL 10948865 (N.D. Il. Sept. 10, 2019) ......................................................................................................... 6

*Modine Mfg. Co. v. Delphi Auto. Sys., LLC*, No. 00-CV-C258, 2000 WL 33989247 (E.D. Wis. Dec. 8, 2000) ..................................................................................... 5

*Nat'l Police Ass'n v. Gannett Co.*, No. 21-CV-01116, 2021 WL 5364207 (S.D. Ind. Oct. 25, 2021) ................................................................................................................. 7

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No 15-CV-1067, 2015 WL 13650951 (N.D. Ill. May 5, 2015) ................................................................................... 6

*Panduit Corp. v. Chatsworth Prod., Inc.*, No. 04-CV-4765, 2005 WL 577099 (N.D. Ill. Mar. 2, 2005) ......................................................................................................... 5

*Republic Airways Inc. v. Int'l Bhd. of Teamsters*, No. 24-CV-00986, 2024 WL 3876271 (S.D. Ind. Aug. 20, 2024) .................................................................................. 4

*Rodriguez v. Ford Motor Co.*, No. 21-CV-2553, 2022 WL 704780 (N.D. Ill. Mar. 9, 2022) ........................................................................................................................ 7-8

*Sprague v. Brook*, 149 F.R.D. 575 (N.D. Ill. 1993) ...................................................................... 6

*In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331 (N.D. Ill. 2005) .......................................... 8

*Van Patten v. Frank*, No. 06-CV-374, 2007 WL 5490688 (W.D. Wis. June 22, 2007) ................................................................................................................................. 4

DM2\20516322.2

*Witz v. Great Lakes Educ. Loan Serv., Inc.*, No. 19-CV-06715, 2020 WL
    8254382 (N.D. Ill. Nov. 5, 2021) ................................................................................................ 7

**Statutes**

18 U.S.C. § 2710 ................................................................................................................................ 3

**Federal Rules**

Fed. R. Civ. P. 12 ................................................................................................................ *Passim*

Fed. R. Civ. P. 16 ................................................................................................................... 1, 5

Fed. R. Civ. P. 26 ................................................................................................................... 3-4

iii

Defendant NBI, Inc. ("Defendant" or "NBI"), by and through its attorneys, Duane Morris LLP, respectfully submits this Memorandum of Law in Support of its Motion to Stay Discovery pending the resolution of its motion to dismiss.

## INTRODUCTION

The Court should stay discovery in this case while the Court considers NBI's motion to dismiss the Amended Complaint. In its motion to dismiss, NBI raises dispositive arguments related to NBI's status as a not-for-profit entity. Because NBI is not subject to the statute under which Plaintiff Kendra Harper ("Plaintiff" or "Harper") attempts to assert a claim, it would be highly prejudicial to require NBI to respond to the proposed class-wide discovery served by Plaintiff while the Court considers the motion to dismiss. Accordingly, this Court should grant NBI's motion to stay discovery because all four factors that courts typically analyze in these circumstances support such a stay.

*First*, this case is in its infancy. The Court has not held a Rule 16 conference, and the parties' proposed trial date is not until April 2026. Thus, the parties will have ample time to take discovery, if necessary, after the Court rules on the motion to dismiss. Thus, the first factor supports a stay of discovery in this case.

*Second*, Harper will not suffer any prejudice as a result of the requested stay. Harper cannot defeat a stay by asserting a generalized claim of "delay," particularly where, as here, NBI is taking all reasonable steps to preserve documents related to this case. Harper will have ample opportunity to seek non-objectionable discovery, if this case survives dismissal. This factor supports a stay of discovery.

1

*Third*, a ruling on NBI's motion to dismiss will streamline and simplify the issues and the discovery process. In the motion to dismiss, NBI addresses the threshold question of whether a 501(c)(3) not-for-profit, like NBI, is even subject to the Video Privacy Protection Act (the "VPPA") at all. If NBI is correct, then no liability can attach and this case will be terminated. If the Court is inclined to side with Harper, then the motion to dismiss will eliminate a potential issue for discovery. Either way, a stay of discovery will promote a more efficient resolution of this matter.

*Fourth*, forcing NBI to respond now to the unduly burdensome discovery proposed by Harper would cause NBI substantial prejudice. NBI is a non-profit entity. Time and dollars spent on discovery in this action are time and dollars diverted from NBI's mission and purpose of providing continuing educational services. If the Court agrees with NBI's motion to dismiss (which it should) such resources will have been wasted on providing discovery related to a claim that does not exist.

Accordingly, the Court should stay discovery while it considers NBI's motion to dismiss to streamline this matter and avoid prejudice to both NBI and the recipients of its services.

## STATEMENT OF FACTS

On September 11, 2024, Plaintiff Kendra Harper ("Plaintiff" or "Harper") filed a class action complaint against NBI alleging a violation of the VPPA. (*See* ECF No. 1.) Harper is "an attorney, practicing law in the State of Indiana, for the Indiana Department of Public Health." (Exhibit 1, Schindler Decl. ¶ 4.) In the past, Harper has purchased

content from NBI "for the purpose of completing her mandatory continuing legal education requirements for the State of Indiana." (*Id.*)

Harper now sues NBI in connection with those alleged purchases, claiming that NBI violated the VPPA by allegedly disclosing the titles of the continuing legal education courses she obtained to Meta, Inc. (*See generally* ECF No. 1.) She claims that, by allegedly installing Meta Pixel (*i.e.*, an advertising technology tool) on its website, such technology would transmit these titles to Meta. (*Id.*) The VPPA, however, only applies to entities engaged in the "business" of selling prerecorded video cassette tapes or similar audio video materials. 18 U.S.C. § 2710(a)(4). NBI is a local Wisconsin, 501(c)(3) not-for-profit entity, and is not engaged in the "business" of anything. (*See, e.g.,* Ex. 1 ¶ 3.) To that end, NBI filed a motion to dismiss arguing, *inter alia*, that it is not subject to the VPPA. (*See, e.g.,* ECF No. 14 at 6-13.)

In the interim, the parties conducted a Rule 26(f) conference in accordance with the Court's order. (Ex. 2, Maatman Decl. ¶ 3.) During that conference, NBI's counsel advised Harper's counsel that it intends to seek a stay of discovery pending the Court's ruling on the motion to dismiss. (*Id.*) Harper told NBI that it opposes a stay. (*Id.*) True to her word, on November 20, 2024, Harper served NBI with a set of written discovery requests wherein she seeks unduly burdensome class-wide discovery that is not proportional to the needs of this case at this stage. (*See id.* ¶ 4.) Thus, NBI is now forced to file this motion.

3

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that "[t]he court may, for good cause, issue an order to protect a party from . . . undue burden or expense, including . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). This Rule complements the inherent authority of the district court to stay discovery during the pendency of the litigation. *See, e.g., Van Patten v. Frank*, No. 06-CV-374, 2007 WL 5490688, at *5 (W.D. Wis. June 22, 2007) (granting stay of discovery pursuant to Rule 26(c)).

## ARGUMENT

The Court should exercise its discretion to stay discovery in this matter. "District courts have 'extremely broad discretion' in deciding whether to issue a stay of discovery" upon a showing of good cause. *See, e.g., Republic Airways Inc. v. Int'l Bhd. of Teamsters*, No. 24-CV-00986, 2024 WL 3876271, at *1 (S.D. Ind. Aug. 20, 2024). To that end, courts consider four factors to determine whether a stay is appropriate:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and the court.

*Bear Archery, Inc. v. AMS, LLC*, No. 18-CV-329, 2019 WL 430941, at *1 (W.D. Wis. Feb. 4, 2019). All of these factors weigh in favor of staying discovery and, accordingly, this Court should grant NBI's motion and stay discovery while it considers NBI's motion to dismiss.

**I.      THIS LITIGATION IS AT THE EARLIEST POSSIBLE STAGE**

*First*, NBI easily satisfies the first factor because this case is at an early state. In fact, there can be no serious dispute that the first factor militates in favor of a stay because this case is still in its infancy.

Where a party moves for a stay early in the litigation, particularly prior to the Rule 16 conference but certainly well in advance of trial, a stay is more likely to be appropriate. *See, e.g., Modine Mfg. Co. v. Delphi Auto. Sys., LLC,* No. 00-CV-C258, 2000 WL 33989247, at *1 (E.D. Wis. Dec. 8, 2000) ("Also favoring the stay is that discovery is in its early stages, and no trial date has been set."); *Panduit Corp. v. Chatsworth Prod., Inc.*, No. 04-CV-4765, 2005 WL 577099 (N.D. Ill. Mar. 2, 2005) (granting a stay where the "court has not issued a scheduling order, and no trial date has been set"); *GoodCat, LLC v. Cook*, No. 16-CV-01514, 2016 WL 10490470, at *1 (S.D. Ind. Nov. 21, 2016) ("[A]ny slight risk of prejudice or disadvantage to [plaintiff] is mitigated by the fact that this case is at a very early stage.").

Here, the Parties are still at the pleading stage of the litigation and Harper has not yet filed a response to NBI's motion to dismiss. (*See* ECF No. 13.) NBI has not filed an answer and the Court has not yet set any deadlines. (*See* ECF No. 15.) Moreover, there is no trial date set yet and even the Parties' proposed trial date is not set to occur until April 2026. (*Id*. at 3.) Consequently, this factor supports a stay of discovery pending a ruling on the motion to dismiss.

## II. THERE IS NO PREJUDICE TO PLAINTIFF IF SHE DOES NOT OBTAIN DISCOVERY AT THIS EXACT MOMENT

*Second,* the second factor weighs in favor of a stay because a stay will not unduly prejudice or tactically disadvantage Harper. To the contrary, Harper seeks purported statutory damages for an alleged past violation of the VPPA. (*See* ECF No. 5.) Harper does not allege that she suffered actual damages and does not allege that she is suffering any ongoing harm. (*Id.*) NBI is already taking reasonable steps to preserve relevant information. As a result, Harper cannot show she will suffer undue prejudice by a discovery stay for multiple reasons.

"Delay, in and of itself, does not constitute undue prejudice." *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No 15-CV-1067, 2015 WL 13650951, at *2 (N.D. Ill. May 5, 2015); *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17-CV-7216, 2019 WL 10948865, at *2 (N.D. Il. Sept. 10, 2019) (explaining that "'[t]he general prejudice of having to wait for resolution'" is not a compelling argument for denying a motion to stay); *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion.").

NBI is not proposing a *per se* ban of Harper ever seeking non-objectional discovery in this case. Rather, it merely asserts that this inquiry would be premature prior to the Court's ruling on the motion to dismiss. Harper cannot show that waiting for discovery will cause her prejudice. As an initial matter, no amount of discovery will change the fact

6

that NBI is a 501(c)(3) not-for-profit entity.  (Ex. 1 ¶ 3.)  It is, therefore, impossible that discovery would produce information to defeat the basis for NBI's motion.  (*See id.*)

Perhaps more pertinently, Harper cannot make any "showing that any potentially discoverable documents in Defendant's possession are likely to be lost or inadvertently destroyed" which is often a necessary element to support a finding of prejudice.  *Witz v. Great Lakes Educ. Loan Serv., Inc.*, No. 19-CV-06715, 2020 WL 8254382, at *1 (N.D. Ill. Nov. 5, 2021); *Nat'l Police Ass'n v. Gannett Co.*, No. 21-CV-01116, 2021 WL 5364207, at *2-3 (S.D. Ind. Oct. 25, 2021).   To the contrary, NBI is taking all reasonable steps to "preserve documents in connection with this action" and will continue to do so.  (Ex. 1 ¶ 5.)

Because general delay is insufficient to establish prejudice, this motion should be granted.  Harper will receive non-objectional discovery, if the case survives the pending motion to dismiss, and Harper will not suffer any prejudice by waiting.  By contrast, as discussed below, NBI will suffer significant prejudice by proceeding with discovery.

### III. THE ISSUES WILL BE SIMPLIFIED FOLLOWING THE COURT'S RULING ON THE MOTION TO DISMISS

*Third*, a stay of discovery will simplify the issues in question and streamline this matter by allowing the Court to either dismiss the case in its entirety or eliminate a significant defense.

Although the filing of a motion to dismiss does not automatically stay discovery, filing a motion to dismiss that "could potentially be dispositive weighs in favor of staying discovery."  *Rodriguez v. Ford Motor Co.*, No. 21-CV-2553, 2022 WL 704780, at *1-2 (N.D. Ill. Mar. 9, 2022); *Bilal v. Wolf*, No. 06-CV-69768, 2007 WL 1687253, at *1 (N.D. Ill. June 6,

7

2007) (holding that "[s]tays of discovery are not disfavored and are often appropriate" when a motion to dismiss may resolve the case).

For that reason, it is well understood that "such stays are granted with substantial frequency." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("[n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge") (citing *Flakes v. Frank*, No. 04-CV-189, 2005 WL 1276370 (W.D. Wis. May 26, 2005); *Malone v. Clark*, No. 04-CV-229, 2004 WL 2053284 (W.D. Wis. Sept. 13, 2004)). This factor is particularly salient where, as here, "the motion to dismiss can resolve the case — at least as to the moving party." *Id.* (citing *Hahn v. Star Bank*, 190 F. 3d 708, 719 (6th Cir. 1999)).

Here, NBI's motion to dismiss is not based solely on Harper's failure to plead sufficient facts (which she has not), but it is also based on the dispositive argument that NBI's 501(c)(3) non-profit status precludes liability under the VPPA. (*See, e.g.,* ECF No. 14 at 6-13.) The statute only proscribes the conduct of entities engaged in the "business" of selling certain prerecorded materials, and 501(c)(3) non-profits, by definition, are not engaged in such conduct. (*Id.*) However, this Court need not take "any position as to the merits of [Defendant's] arguments for dismissal" in order to find that this factor supports a stay. *Rodriguez*, 2022 WL 704780, at *1-2. If the motion to dismiss is granted, it "has the potential to dispose of" the case and thus all issues will be "simplified" by entry of judgment for NBI. *Id.* If the motion to dismiss is denied, then the Court may eliminate an area of inquiry in discovery as the case progresses. *See id.* Either way, a stay of discovery is warranted.

## IV. THE STAY WILL REDUCE THE EXPENSES ON NBI, A 501(C)(3) NONPROFIT ORGANIZED FOR THE PURPOSE OF PROVIDING EDUCATIONAL COURSES, FROM THE FACT-INTENSIVE CLASS-WIDE DISCOVERY PROPOSED BY PLAINTIFF

*Fourth*, a stay of discovery until the court rules on the motion to dismiss will relive a substantial burden on NBI and those it educates via its not-for-profit mission. *Beadle v. Memphis City Sch.*, No. 07-CV-2719, 2008 WL 1787545, at *1 (W.D. Tenn. Apr. 17, 2008) ("[A] stay of discovery would prevent New Leaders a not-for-profit organization . . . from incurring substantial litigation expenses prematurely and, if the motion to dismiss is granted, unnecessarily.")

Indeed, because NBI is a not-for-profit entity the burden of such discovery falls not solely on it, but also on the recipients of those it seeks to educate, as opposed to an abstract group of shareholders. (Ex. 1 ¶¶ 8-9.) For example, because NBI is not organized to make a profit, it offers a Hardship Tuition program which enables attendees from states "who are unable to afford continuing legal education course registration fees" to still attend such courses upon application. (*Id.*) It similarly offers free continuing legal education courses and scholarships to new legal professionals across the country. (*Id.*) NBI prides itself on such offerings and they are central to the core of NBI's operations. (*See id.*) However, the burden of diverting its financial resources in this action to fact-intensive class-wide-discovery will, by necessity, divert resources that could have been spent on educating more people both with need-based concerns and those without. (*See id.*) This is not a just result under the circumstances.

9

Moreover, courts have recognized substantial burden of fact-intensive class-wide discovery. *See Bilek v. Fed. Ins. Co.*, No. 21-CV-1651, 2022 WL 18912277, at *7 (N.D. Ill. Dec. 2022) ("As other courts have held, 'responding to class-wide discovery. . . presents an undue burden on the responding party.'") Such discovery is exactly what Harper seeks here. (*See* Ex. 2 ¶ 4.) By way of example, Harper seeks all "documents, communications, and ESI sufficient to identify all the Persons who requested or obtain video materials or other services from You." (*Id.*, Ex. A ¶ 12.) This Request would require NBI to review two years' worth of visitors to its website and analyze the attendees of the over 1,500 programs it offers annually. (Ex. 1 ¶¶ 7-8.) It would need to hire experts and those capable of processing such massive amounts of data. (*Id.*) This is not a just result with a dispositive motion pending based on NBI's status as a 501(c)(3) non-profit.

Accordingly, the Court should grant NBI's motion to stay discovery pending the resolution of its Rule 12 motion.

## CONCLUSION

For the forgoing reasons, Defendant NBI, Inc. submits that this Court should stay discovery pending a ruling on its motion to dismiss the Amended Complaint of Plaintiff Kendra Harper and also requests any other relief the Court deems proper.

**Dated: November 25, 2024**   Respectfully submitted,

NBI, INC.

By: */s/ Gerald L. Maatman, Jr.,*
One of its Attorneys

10

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Tel:  (312) 499-6700
Fax:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

*Attorneys for Defendant*