## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**KENDRA HARPER**, *individually and on behalf of all others similarly situated,*

       *Plaintiff,*

    v.

**NBI, INC.**

       *Defendant.*

**ORAL ARGUMENT REQUESTED**

Judge William Conley

Magistrate Judge Anita Boor

Case No. 24-CV-00644

## <u>DECLARATION OF ALLISON SCHINDLER</u>

I, Allison Schindler, declare as follows:

1.      I am an individual resident of the State of Wisconsin, above the age of 18 years old, and competent to make this declaration.  I make this declaration based on my own personal knowledge and on my review of records maintained in the regular course of NBI, Inc.'s business.  I could competently testify to the matters set forth herein if called to do so as a witness in court.

2.      I am the President of NBI, Inc. ("NBI" or "Defendant") and have held this position since January 2023.  I have worked for NBI for the past 18 years.

3.      NBI is a local Wisconsin, 501(c)(3) non-profit organization, formed in 1995, and organized for the purpose of providing educational assistance to public and private schools, school teachers, private industry, students, and for other professionals.  It seeks to improve education and to assist other charitable and educational organizations in the

conduct of similar activities.  To fulfill this purpose, NBI is a continuing legal education ("CLE") service provider and offers such courses across the United States.

4.      Plaintiff Kendra Harper ("Plaintiff" and "Harper") is an attorney, practicing law in the State of Indiana, for the Indiana Department of Public Health. Harper has purchased content from NBI, in the past, for the purpose of completing her mandatory continuing legal education requirements for the State of Indiana.

5.      Although any litigation hold governing the preservation of documents in this action is subject to the attorney-client privilege and/or work product doctrines, without waiving such privilege, I can represent that NBI is taking all reasonable steps to preserve documents in connection with this action.

6.      Harper's First Set of Requests for Production (the "Requests") and Interrogatories would impose a significant burden and undue expense on NBI.  For example, Harper requests "[a]ll documents, communications, and ESI sufficient to identify all the Persons who requested or obtained video materials or other services from You."  This Request will be particularly expensive as it encompasses multiple sources of information regarding potentially thousands of individuals.

7.      In order to effectively answer this Request alone, NBI would need to review two years' worth of visitors to its website.  These Requests also would necessitate significant time and resources as NBI presents over 1,500 programs annually.  NBI would also need to hire companies with expertise managing and processing such massive amounts of data.

8.    The funds used for the costs of discovery in this action would, unfortunately, need to be diverted from the use of continued expansion of educational program offerings both for need-based and non-need-based students.  For example, NBI offers a Hardship Tuition program, that provides access to CLE services to attendees from select states who are unable to afford CLE course registration fees due to financial hardship.  These need-based attorneys may obtain registration fee waivers and discounts from NBI upon application.  Moreover, NBI also regularly offers free CLE courses, as well as scholarships, to new legal professionals and legal incubator programs across the country.

9.    NBI is able to offer services like its Hardship Tuition program, and its other free programing, because it is not organized to make a profit and can divert the revenues it generates from non-need-based lawyers to finance the services for those in need.  However, if NBI was forced to divert such revenues into fact-intensive discovery, NBI will be forced to make difficult decisions about what programming it is able to continue to finance and what programming it is not.  This decision would not be NBI's preferred course of action, but faced with the fact-intensive discovery Harper is proposing, NBI would be left with no other options.

I declare under penalty of perjury under the laws of Wisconsin, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on November 25, 2024 in ___Altoona, WI___.

s/ _____
Allison Schindler