# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| KENDRA HARPER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br> NBI, INC.,<br><br>        Defendant. | CASE NO. 24-CV-644 |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Kendra Harper requests that Defendant NBI, Inc. respond to the following Requests for Production of Documents within thirty (30) days from receipt of service. The production shall occur at the offices of Hedin LLP, 1395 Brickell Ave., Suite 610, Miami, Florida, 33131.

## INSTRUCTIONS[1]

1.      In producing responsive materials, You are to furnish all documents, communications, and electronically stored information ("ESI") in Your possession, custody, or control, regardless of whether such documents, communications, or ESI are possessed directly by You or Your employees; by any agent(s) of Yours; by any of Your parent companies, subsidiaries, affiliates, or trusted business partners; by any agent(s) of any of Your parent companies,

---

[1]      Unless otherwise defined herein, all capitalized terms shall be given the meanings assigned to them in the "Definitions" section below.

subsidiaries, affiliates, or trusted business partners; or by Your attorneys or their employees or investigators.

2.      These requests are continuing and require supplemental responses pursuant to Federal Rule of Civil Procedure 26(e).

3.      Production of electronically stored information should be in PDF format, and hardcopy documents should be scanned and produced as PDF images. Original document orientation shall be maintained (i.e., portrait to portrait and landscape to landscape). All documents must be searchable through Optical Character Recognition ("OCR"). When subjecting documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing," "auto-rotation," and the like should be turned on when documents are run through the process.

4.      All documents must be assigned a Bates/control number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

5.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a particular trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

## **DEFINITIONS**

1. "Action" means Case 24-CV-644 pending in the Western District of Wisconsin.

2. "Facebook ID" means the unique combination of numbers associated with a user's Facebook/Meta profile.

3. "Informed Written Consent" has the meaning set forth in 18 U.S.C. § 2170(b).

4. "Meta" means the company previously known as Facebook, Inc. and now known as Meta Platforms, Inc.

5. "Person(s)" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

6. "Pixel" or "Meta Pixel" means a snippet of programming code that, once installed on a webpage, sends information to Meta.

7. "Plaintiff" refers to Kendra Harper, the named plaintiff in the Action.

8. "Website" means nbi-sems.com.

9. "Personal Information" includes information which identifies a person as having requested or obtained specific video materials or services from You, including but not limited to a person's name, address, email address, phone number, or payment information; a person's Facebook ID; the video title, subscription, or other service requested or obtained by such person from You; the URL where such video title is accessible; or any other data value that specifies the video content or service requested or obtained by such person from You.

10. "You," or "Your" refers collectively to NBI, Inc., together with all officers, directors, employees, agents, attorneys, affiliates, parents, subsidiaries, predecessors, successors, assigns, and any authorized dealers of any of the foregoing.

## RULES OF CONSTRUCTION

1.   The terms "all" and "each" should be construed as "all and each." The word "all" means "any and all," and the word "any" means "any and all."

2.   The term "including" means "including, but not limited to." The term "include(s)" means "include(s), without limitation."

3.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.   The use of the singular form of any word includes the plural and vice versa.

5.   The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for the production is from September 11, 2022, through the present.

## DOCUMENTS TO BE PRODUCED

1.   All documents, communications and ESI concerning the Plaintiff.

2.   All documents, communications, and ESI concerning Your transmission of any Person's Personal Information to Meta.

3.   All contracts, agreements, statements of work, work orders, order forms, or the like exchanged between You (or any other party acting on Your behalf) and Meta concerning Your use of the Metal Pixel or Your transmission of Personal Information to Meta.

4.   All documents, communications, and ESI concerning the Meta Pixel, including the use of the Meta Pixel on Your website, Your Pixel ID, the ranges of dates during which the Meta

Pixel was in use on the Website, and the conditions under which the Meta Pixel and its underlying events and parameters shared (or caused the sharing of) Personal Information of Your Website users with Meta.

5.      All documents, communications, and ESI concerning Your decision to implement, and the installation of, the Meta Pixel, and its underlying events and parameters, on Your Website.

6.      Documents, communications, and ESI, showing all the Personal Information that was shared with Meta via the Meta Pixel on Your Website.

7.      All documents, communications, and ESI concerning the effect that Your use of the Meta Pixel, including Your transmission of Personal Information to Meta, has had on Your revenues, profits, projections or customer numbers.

8.      Website code, technical documentation, technical papers, and computer source code sufficient to show the manner in which Your Website operated to collect and transmit Your customers' Personal Information by or through the Meta Pixel and its underlying events and parameters installed on Your website.

9.      All documents, communications, and ESI concerning inquiries, comments or complaints received by You concerning the sharing of customer information with Meta.

10.     All documents, communications, and ESI regarding this Action or any other lawsuit or contemplated lawsuit alleging violations of the VPPA arising out of the use of the Meta Pixel, excluding privileged communications between You and Your counsel.

11.     Documents, communications, and ESI sufficient to show the number of unique Persons who requested or obtained any videos, subscriptions, or other services from Your Website, as well as documents, communications, and ESI sufficient to show the total number of purchases of and requests for videos, subscriptions, or other services on Your Website.

12.     All documents, communications, and ESI sufficient to identify all the Persons who requested or obtained video materials or other services from You.

13.     All documents, communications, and ESI sufficient to identify all the Persons who requested or obtained video materials or other services from You and whose Personal Information was transmitted to Meta.

14.     All documents, communications and ESI that You contend evidence the Informed Written Consent of the Plaintiff, or of any other Person who purchased or otherwise requested or obtained video materials or services from You, to transmit or otherwise disclose such Person's Personal Information to Meta.

15.     All documents and communications sufficient to establish where you store and for how long you maintain information reflecting the purchases and other service requests made by Persons on Your Website.

16.     All nonprivileged Communications between You and any third party sent or received after the filing of the Action concerning the Action.

17.     All of Your privacy policies, terms and conditions, or any other such documents that were accessible on Your website, as well as documents and ESI sufficient to show the form and manner in which any such documents were presented or otherwise made available to Persons who visited or requested or obtained videos or other services on Your website; documents and ESI sufficient to show the ranges of dates during which each such version of each such document was accessible, and the form and manner in which each such document was presented or otherwise made available.

18.     Organizational charts and similar documents, communications, and ESI identifying Your affiliates, subsidiaries, or parents, as well as lists of the directors, officers, employees (and their titles or job positions) of You and each of Your affiliates, subsidiaries, or parents.

19.     All documents, communications, and ESI concerning any insurance agreement under which any Person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this Action or to indemnify or reimburse You for payments made to satisfy any such judgment.

20.     Documents sufficient to show Your document retention policies, including document retention or destruction policies with respect to e-mail or other electronically stored or recorded documents.

21.     All documents, communications, and ESI identified, referenced, or contemplated in Your answers to Plaintiffs' Interrogatories, or otherwise relied upon in answering Plaintiffs' Interrogatories.

22.     All documents, communications, and ESI that You intend to use to support any affirmative defense to Plaintiffs' claims alleged in the Action.

23.     All documents, communications, and ESI that You intend to use to contest or oppose the certification of a class in the Action.

Dated:  November 20, 2024                 Respectfully submitted,

                                          By: *s/ Julie Holt*
                                                Julie Holt

                                          **HEDIN LLP**
                                          Julie Holt (FBN 95997)
                                          jholt@hedinllp.com
                                          1395 Brickell Ave, Suite 610
                                          Miami, Florida 33131
                                          Tel: (305) 357-2107
                                          Fax: (305) 200-8801
                                          *Counsel for Plaintiff and the Putative Classes*