# EXHIBIT B

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KENDRA HARPER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NBI, INC.,<br><br>　　　　Defendant. | CASE NO. 24-CV-644 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Kendra Harper requests that Defendant NBI, Inc. answer the following Interrogatories, in writing and under oath, within thirty (30) days from receipt of service. The production shall occur at the offices of Hedin LLP, 1395 Brickell Ave., Suite 610, Miami, Florida, 33131.

## INSTRUCTIONS[1]

1.　You are required to provide all information that is available to you, including information in the possession of your attorneys, agents, or others under your control, and not merely information known by virtue of your own personal knowledge.

2.　If you claim any sort of privilege, whether based on statute or otherwise, as a ground for not answering, state the following:

　　(a) The date of any such information;

---

[1]　Unless otherwise defined herein, all capitalized terms shall be given the meanings assigned to them in the "Definitions" section below.

(b) The name, the present or last known home and business addresses and the telephone numbers of those individuals who prepared, produced, reproduced or were recipients of said information, or were a speaker of or listener to an oral communication;

(c) A description of the subject matter sufficient to identify it without revealing the information for which the privilege is claimed; and

(d) Each and every fact or basis upon which you claim any such privilege.

3. These Interrogatories are continuing and require supplemental responses pursuant to Federal Rule of Civil Procedure 26(e). You are obligated to change, supplement and correct your answers to conform to all available information, including such information as becomes available to you after your answers hereto are served.

4. If you object to any portion or aspect of any interrogatory, provide all information responsive to the portion to which you do not object.

5. Where an Interrogatory asks for a date, an amount, or any other specific information, if the precise date, amount, or other specific information is unknown to you, please approximate the information requested as precisely as you are reasonably capable of doing, and indicate that you have done so.

**DEFINITIONS**

1. "Action" means Case 24-CV-644 pending in the Western District of Wisconsin.

2. "Facebook ID" means the unique combination of numbers associated with a user's Facebook/Meta profile.

3. "Informed Written Consent" has the meaning set forth in 18 U.S.C. § 2170(b).

4. "Meta" means the company previously known as Facebook, Inc. and now known as Meta Platforms, Inc.

5. "Person(s)" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

6. "Pixel" or "Meta Pixel" means a snippet of programming code that, once installed on a webpage, sends information to Meta.

7. "Plaintiffs" refer to Douglas Feller, Jeffry Heise, and Joseph Mull, the named plaintiffs in the Action.

8. "Website" means nbi-sems.com.

9. "Personal Information" includes information which identifies a person as having requested or obtained specific video materials or services from You, including but not limited to a person's name, address, email address, phone number, or payment information; a person's Facebook ID; the video title, subscription, or other service requested or obtained from You; the URL where such video title is accessible; or any other data value that specifies the video content or service requested or obtained by such person from You.

10. "You," or "Your" refers NBI, Inc., together with all officers, directors, employees, agents, attorneys, affiliates, parents, subsidiaries, predecessors, successors, assigns, and any authorized dealers of any of the foregoing.

**RULES OF CONSTRUCTION**

1. The terms "all" and "each" should be construed as "all and each." The word "all" means "any and all," and the word "any" means "any and all."

2. The term "including" means "including, but not limited to." The term "include(s)" means "include(s), without limitation."

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of the singular form of any word includes the plural and vice versa.

5. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

## **RELEVANT TIME PERIOD**

Unless otherwise stated, the relevant time period for the interrogatory is from September 11, 2022, through the present.

## **INTERROGATORIES**

1. Identify all persons with knowledge of Your use of the Meta Pixel on Your Website.

2. State the number of Persons who requested videos, subscriptions, or other services from Your Websites and whose information was disclosed to Meta during the relevant time period.

3. Describe the time period(s) for which You have used the Meta Pixel, including the underlying events collected by the Meta Pixel and its associated parameters, on the Website.

4. State your Meta Pixel ID.

5. Identify each individual involved in or with responsibility for the development, programming, installation or maintenance of any computer program or code on the Subject Website, including the Meta Pixel, obtained from or through any company offering digital advertising, such as targeted or custom advertising, including Meta.

6. Describe in what ways, if any, You have changed the functionality of the Meta Pixel installed on the Website, including adding, removing, or modifying categories of

information, including underlying events and parameters it collects and sends or causes to be sent to Meta, along with the dates You made any changes.

7. Identify by name Your officers, employees, vendors, and agents who had actual knowledge that Your use of the Meta Pixel resulted in the disclosure of Your customers' Personal Information to Meta, at the time such disclosure was allegedly made.

8. Describe every means by which you attempted to obtain Informed Written Consent from Your customers to disclose their Personal Information to Meta and explain when in the sales transaction process You attempted to obtain Informed Written Consent.

Dated: November 20, 2024

Respectfully submitted,

By: *s/ Julie Holt*
    Julie Holt

**HEDIN LLP**
Julie Holt (FBN 95997)
jholt@hedinllp.com
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

*Counsel for Plaintiff and the Putative Class*