**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **KENDRA HARPER**, *individually and on behalf of all others similarly situated,* | |
| *Plaintiff,* | Judge William Conley |
| v. | Magistrate Judge Anita Boor |
| **NBI, INC.** | Case No. 24-CV-00644 |
| *Defendant.* | |

**[PROPOSED] PROTECTIVE ORDER**

Plaintiff Kendra Harper ("Plaintiff"), and Defendant NBI, Inc. ("Defendant"), jointly request that the Court hereby enter this Protective Order, and agree that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Discovery Material"), the Court hereby **ORDERS** that:

**1.** <u>**Scope.**</u>  This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all Discovery Materials and all materials (including Documents[1] or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively "Confidential Information").

---

[1] The term "Document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, spreadsheets, charts, photographs, phone records, and other data compilations from which information can be obtained.  *See* Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

2.    **Purpose.**   The purpose of this Protective Order is to protect against the unnecessary use, disclosure, or dissemination of Confidential Information and/or Discovery Materials.

3.    **Disclosure Defined.**   As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information or any copies, excerpts, analyses, or summaries of such materials or the information contained therein.

4.    **Designating Material as Confidential.**   Any Party,[2] or any third party subpoenaed by one of the Parties, may designate as CONFIDENTIAL any Documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by relevant statute, rule, or common law, or falls within one or more of the following categories: (i) non-party personal information; (ii) financial information; (iii) tax returns; (iv) social security numbers; (v) personally identifiable information ("PII"); (vi) protected health information ("PHI"); (vii) medical records; (viii) addresses; (ix) contact information; (x) personnel files; (xi) trade secrets information or proprietary processes; (xii) proprietary, confidential, or non-public information; (xiii) information relating to Defendant's operational strategies, processes, plans and organizational structure; (xiv) training programs, proprietary manuals, and information concerning proprietary

---

[2] The term "Party" refers to either Plaintiff or Defendant respectively.  The term "Parties" refers to Plaintiff and Defendant jointly.

2

computer programs and applications; or (xv) Defendants' employment policies, work rules, personnel practices, and personnel information about current and former employees/associates. CONFIDENTIAL information may include communications, email correspondence, and other Discovery Materials discussing or relating to the above-mentioned categories.

5. **Designating Material as Attorneys' Eyes Only.** Any Party, or any third party subpoenaed by one of the Parties, may designate as ATTORNEYS' EYES ONLY any materials or information that meet the test set forth in Paragraph 4 but as to which the Producing Entity also asserts in good faith that the information is so sensitive that the receipt of the information by Parties to the litigation could result in competitive harm to the Producing Entity.

6. **Form and Timing of Designation.**

a. **Documents and Written Materials.** The Producing Entity shall designate any Document or other written materials as CONFIDENTIAL pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation (*e.g.*, CONFIDENTIAL or ATTORNEYS' EYES ONLY), if practical to do so. Nothing in this Order prevents a Party from adding and/or changing a Confidentiality Designation after a Document has been produced or disclosed, or moving to seal a Document for which a Confidentiality Designation is subsequently added/changed.

b. **Electronically Stored Information ("ESI").** If a production response includes ESI, the Producing Entity shall include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the

3

Producing Entity shall designate in a transmittal letter or email to the Party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (*e.g.*, the Bates range) for any portions of the ESI that should be treated as CONFIDENTIAL and any portions of the ESI that should be treated as ATTORNEYS' EYES ONLY.

        **c.**      **Deposition Testimony.** Deposition testimony will be deemed CONFIDENTIAL only if designated as such when the deposition is taken or so designated after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies, except that any exhibit that was marked with a Confidentiality Designation, and which still bears that mark at the time of its use in a deposition, shall be presumed to be confidential under this Order without further designation.

      **7.**   **Limitation On Use and Disclosure.**

        **a.**      **General Protections.** All Discovery Materials and Confidential Information that has been received in this Action, including all information derived therefrom, shall be used by the Receiving Party solely for purposes of prosecuting or defending this Action. The Receiving Party shall not use or disclose such Documents or information for any other purpose. However, this Order shall not prevent the Producing Entity from using or disclosing its own information that belongs to the Producing Entity, regardless of its designation, for any purpose that the Producing Entity deems appropriate.

        **b.**      **Confidential Information.** The disclosure of any information, Documents, or portions of Documents marked as CONFIDENTIAL, including all

4

information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the Parties, and the administrative staff of outside counsel's firms;

2. any Party to this action who is an individual;

3. as to any Party to this action who is not an individual, every employee, director, officer, or manager of that Party, but only to the extent necessary to further the interest of the Parties in this litigation;

4. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the Parties in this litigation, and only after such persons have completed the certification attached hereto as **Attachment A, Acknowledgment of Understanding and Agreement to be Bound**;

5. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action;

6. the authors and the original recipients of the Documents;

7. any court reporter or videographer reporting a deposition;

8. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Parties during the litigation of this action;

9. witnesses, deponents, and hearing or trial witnesses provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed Document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the Document(s) to anyone, and such persons

have completed the certification attached hereto as **Attachment A, Acknowledgement of Understanding and Agreement to be Bound**;

10. mediators engaged by the Parties for purposes of attempting to resolve the claims in this action; or

11. any other person agreed to in writing by the Parties.

Prior to being shown any Documents produced by another Party marked "CONFIDENTIAL," any person listed under Paragraph 7(b)(2), 7(b)(3), 7(b)(10), or 7(b)(11) shall be advised that the confidential Documents or information is being disclosed pursuant to and subject to the terms of this Protective Order.

   c.        "<u>Attorneys' Eyes Only</u>" **Information.**    Disclosure of any information, Documents, or portions of Documents marked "ATTORNEYS' EYES ONLY," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the Parties, and the administrative staff of outside counsel's firms;

2. the President of NBI, Inc.;

3. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the Parties in this litigation, and only after such persons have completed the certification attached hereto as **Attachment A, Acknowledgment of Understanding and Agreement to be Bound**;

4. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action;

5. the authors and the original recipients of the Documents;

6. any court reporter or videographer reporting a deposition;

7. witnesses, deponents, and hearing or trial witnesses provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed Document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the Document(s) to anyone, and such persons have completed the certification attached hereto as **Attachment A, Acknowledgement of Understanding and Agreement to be Bound**;

8. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Parties during the litigation of this action;

9. mediators engaged by the Parties for purposes of attempting to resolve the claims in this action; or

10. any other person agreed to in writing by the Parties.

Prior to being shown any Documents produced by another Party marked "ATTORNEYS' EYES ONLY," any person listed under Paragraphs 7(c)(8) or 7(b)(9) shall be advised that the Documents or information is being disclosed pursuant to and subject to the terms of this Protective Order.

**8.** **Inadvertent Production of Privileged or Otherwise Protected Material** Inadvertent production of privileged or otherwise protected material shall be governed by Fed. R. Evid. 502. The Parties agree that they will not assert that the inadvertent production of Discovery Material subject to the attorney-client privilege, or other privilege or protection that otherwise would entitle the producing Party to withhold production of the material, constitutes a waiver of the privilege or protection. If

7

Discovery Material inadvertently produced in discovery is subject to a claim of such privilege or protection, the Party making the claim may notify any Party that received the information of the claim and the basis for it.  Once the producing Party provides notice of inadvertent production to the Receiving Party, the Receiving Party must promptly return or sequester the specified document or material and any copies thereof and certify in writing that such document or material, and all copies, have been returned or sequestered, even if the Receiving Party disputes whether the specified document is in fact privileged or otherwise protected from disclosure. The only exception to this requirement that all copies be returned or sequestered is set forth in paragraph 8(a) below.

a.      By complying with the obligations set forth in paragraph 10, the Receiving Party does not waive any right it has to challenge the assertion of privilege or other protection from disclosure.  The Receiving Party shall initiate the dispute process by providing written notice of the documents and/or material for which the claim of privilege or protection is challenged.  The Parties shall meet and confer promptly after such notice is given.  If the Parties are unable to resolve any such dispute, the Receiving Party may file a motion requesting that the Court rule on whether the material is subject to the attorney-client privilege or any other privilege or protection. The Receiving Party may submit a copy of the inadvertently produced material to the Court for *in camera* review in conjunction with the motion but shall not retain possession of any other copies of the inadvertently produced material.  The Receiving Party may not publicly file the

inadvertently produced material until there is a final, non-appealable order determining the material is not privileged or otherwise protected from disclosure.

9.    **Filing Materials With A Confidentiality Designation.** If a Receiving Party wants to file Documents or materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with the Court, such Receiving Party must take steps to limit dissemination of such material by obtaining the Producing Party's agreement to such filing, by redacting the designated information, or by following the Court's procedures to request that those materials be placed under seal in accordance with the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the Western District of Wisconsin, and/or applicable precedent from the U.S. Court of Appeals for the Seventh Circuit. This process is not required for Documents or information produced without a Confidentiality Designation — although such Documents and information remain subject to the Limitations on Use in Section 7 of this Order.

When a Receiving Party to this Order seeks to file Documents marked CONFIDENTIAL or ATTORNEYS' EYES ONLY, or when any Party believes that Discovery Materials otherwise warrant protection from disclosure on the public record because they contain or describe all or a portion of the content of any information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, it shall file such documents under seal in accordance with the Court's Administrative Order No. 337 and follow the electronic filing procedures. Documents filed under seal shall be clearly marked with the words "FILED UNDER SEAL" in addition to the appropriate designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY and be used solely in accordance with

9

the terms of this Protective Order.  Any Party seeking to maintain the Document under seal shall then have **seven (7) days** to file a motion for leave.  If a motion is filed, the Document in question may be maintained under seal until such time that the Court issues a ruling.  Nothing in this Order shall prevent a Producing Party from subsequently moving to seal such Documents with a Confidentiality Designation that may have inadvertently been filed on the public docket.

10.    **Attorneys Allowed to Provide Advice**.  Nothing in this Order shall bar or otherwise restrict any attorney for any Party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client in this case, except as otherwise expressly prohibited herein.

11.    **Excluding Others from Access**.  Whenever information designated with a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information as with the Confidentiality Designation may exclude from the room any person, other than persons designated in Paragraph 7 of this Order, as appropriate, for that portion of the deposition.  This Section applies only to Documents or information produced with a Confidentiality Designation.

12.    **No Voluntary Disclosure to Other Entities**.  The Parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 7 of this Order or as otherwise commanded by law or

provided in this Order.  Nothing in this Order shall prevent a Party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the Party producing the information shall provide as much advance notice as possible to the person or entity that produced the material to facilitate that Party's efforts to preserve the confidentiality of the material, if warranted, or limit its use or disclosure.

13.    **Disputes as to Designations.**  Each Party has the right to dispute the CONFIDENTIAL or ATTORNEYS EYES ONLY designation asserted by any other Party or subpoenaed person or entity in accordance with this Protective Order.  If a Party believes that any Documents or materials have been inappropriately designated by another Party or subpoenaed Party, that Party shall confer with counsel for the person or entity that designated the Documents or materials.  If any Party challenges the CONFIDENTIAL or ATTORNEYS EYES ONLY designation of any Document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said Document or information should remain protected pursuant to Federal Rule of Civil Procedure 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Rule of Civil Procedure 26(c).  A Party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

11

14.    **Information Security Protections.**    Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, it shall: (1) notify the person or entity who produced the materials of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach.  The Receiving Party agrees to cooperate with the Producing Entity or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15.    **All Trials Open to Public.**  All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to use during a Public Hearing any Discovery Materials or information derived therefrom. However, if a Party intends to present at a Public Hearing any Document or information that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the Party

intending to present such Document or information shall provide advance notice to the person or entity that made the Confidentiality Designation at least **five (5) business days before** the Public Hearing by identifying the Documents or information at issue as specifically as possible (*i.e.*, by Bates Number, page range, deposition transcript line, etc.) without divulging the actual Documents or information.  Any person may then seek appropriate relief from the Court regarding restrictions on the use of such Documents or information at trial, or sealing of the courtroom, if appropriate.

16. **No Waiver of Right to Object.**  This Order does not limit the right of any Party to object to the scope of discovery in the above-captioned action.

17. **No Determination of Admissibility.**  This Order does not constitute a determination of the admissibility or evidentiary foundation for the Documents or a waiver of any Party's objections thereto.

18. **No Admissions.**  Designation by either Party of information or Documents under the terms of this Order, or the failure to so designate or file a motion to seal such Documents, will not constitute an admission that information or Documents are or are not confidential or trade secrets.  Neither Party may introduce into evidence in any proceeding between the Parties, other than a motion to determine whether the Protective Order covers the information or Documents in dispute, the fact that the other Party designated or failed to designate information or Documents under this Order.

19. **No Prior Judicial Determination.**  This Order is based on the representations and agreements of the Parties and is entered for the purpose of facilitating discovery in this action.  Nothing in this Order shall be construed or presented

13

as a judicial determination that any Documents or information as to which counsel or the Parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Document or issue.

20.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

21.     **Return of Materials Upon Termination of Litigation.**  Upon the written request and expense of the Producing Entity, **within 30 days** after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Parties to resolve amicably and settle this case, the Parties and any person authorized by this Protective Order to receive confidential information shall return to the Producing Entity, or destroy, all information and Documents subject to this Protective Order.  The Party requesting the return of materials shall pay the reasonable costs of responding to its request.  The Party returning or destroying the Documents or other information shall certify that it has not maintained any copies of confidential information, except as permitted by this Order.

22.     **Counsel Allowed to Retain Copy of Filings.**  Nothing in this Protective Order shall prevent outside counsel for a Party from maintaining in its files a copy of any filings in the Action, including any such filings or draft filings that incorporate or attach Discovery Materials.

**SO ORDERED.**

Dated:

_____

Judge William Conley

or

Magistrate Judge Anita Boor

AGREED TO**:**

_____          _____

**ATTORNEYS FOR PLAINTIFF**          **ATTORNEYS FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **KENDRA HARPER**, *individually and on behalf of all others similarly situated,* | |
| *Plaintiff,* | Judge William Conley |
| v. | Magistrate Judge Anita Boor |
| **NBI, INC.** | Case No. 24-CV-00644 |
| *Defendant.* | |

**ATTACHMENT A TO STIPULATED PROTECTIVE ORDER
ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated _____ in this action and attached hereto, understands the terms thereof, and agrees to be bound by them. The undersigned submits to the jurisdiction of the U.S. District Court for the Western District of Wisconsin in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use Documents marked with a Confidentiality Designation in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such Documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____         _____
                                Signature