

1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3353
www.hedinllp.com

**Julie Holt**
(305) 357-2107
jholt@hedinllp.com

March 3, 2025

Hon. Anita Marie Boor
U.S. Magistrate Judge
U.S. District Court for the Western District of Wisconsin
20 N. Henry St.
Madison, WI 53703

     Re:    *Harper v. NBI, Inc.*, 24-CV-00644

Dear Judge Boor:

     We write in response to the Court's December 2, 2024, order directing the parties to submit a joint letter updating the Court on the status of the case. As the parties have outstanding discovery disputes, Plaintiff requests this Court set a status conference as mentioned in the December 2 order to address those issues and revisit the stay on class-wide discovery. Defendant does not object to conducting a status conference with the Court, but requests time to submit briefing in advance of any status conference.

## I.     STATUS OF DISCOVERY

### A.     Service Of Responses And Objections

     On September 11, 2024, Plaintiff filed a complaint alleging that Defendant NBI, Inc. violated the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. 2710, by making non-consensual disclosures of the Personal Identifying Information ("PII") of customers to its www.nbi-sems.com website to Meta, Inc. via the Meta Pixel, a piece of programming code that Defendant allegedly installed on webpages on its website.

     On November 20, 2024, Plaintiff served initial discovery requests for production of documents and interrogatories on Defendant. (ECF Nos. 19-1, 19-2.) The discovery requests consisted of 23 requests for production (the "RFPs") and 8 Interrogatories. (*Id.*) Defendant's responses were due December 20, 2024. However, prior to the responses and objections being due, the parties briefed a dispute over class-wide discovery, and the Court entered an order, stating that "[d]iscovery between the parties is stayed with respect to class certification issues but is otherwise allowed." (ECF No. 21.)

     Following that order, Defendant requested two extensions, both of which Plaintiff agreed to, and its responses and objections were served on January 10, 2025. Defendant answered one of

eight interrogatories, objecting to the rest, and did not produce documents. Defendant stated it would conduct a reasonable search for documents responsive to RFPs 1, 3, 4, 17, 18, and 21, and answers to Interrogatories 3, 4, and 6. One of Defendant's objections to many of the discovery requests was based on the Court's order staying class-wide discovery which was entered after the requests were served. In response, Plaintiff agreed to narrow her discovery requests, where appropriate, to only those items related to Plaintiff.

**B.      The Protective Order**

In its responses and objections, Defendant also stated it would produce its responsive documents by January 24, 2025, or after the entry of a protective order, whichever was later. On January 21, Plaintiff's counsel contacted defense counsel asking for its proposed protective order because she had not yet received a draft, and asked Defendant to confirm its Meta Pixel ID[1] as Meta needed that information to begin searching for documents responsive to Plaintiff's previously served subpoena.

On January 23, 2025, the parties conferred for approximately 20 minutes regarding the protective order and the timing for a more fulsome conferral. On January 24, 2025, Defendant sent Plaintiff a draft protective order. The parties negotiated that order, and the Court entered it, with modifications, on February 4, 2025. (ECF No. 28.)

**C.      Document Production**

On January 22, 2025, Plaintiff's counsel asked defense counsel to confer regarding deficiencies in their discovery responses and sent defense counsel a letter outlining Plaintiff's responses to Defendant's objections and proposed compromises if any, on each RFP and Interrogatory for which Plaintiff contends Defendant did not provide a sufficient response.

The parties spoke on January 27, 2025, for nearly two hours. Defendant agreed that it will produce the documents, if any, located in its initial reasonable search pursuant to a protective order by January 31. On January 31, Defendant produced 57 pages of documents, consisting of 8 screenshots that Plaintiff asserts were pixalated such that information was illegible, and printouts of NBI's privacy policy from its website. Plaintiff contends that the production did not contain all the requested documents, as they appeared to Plaintiff's counsel to be partial responses to RFPs 1, 4, and 17, but no specific designations were made.

On February 3, Plaintiff's counsel emailed defense counsel regarding the outstanding responses and asked that Defendant produce amended responses by February 7. However, on February 6, 2025, defense counsel suffered a death in his family and the parties endeavored to speak the following week.

---

[1] Defense counsel confirmed Defendant's Meta Pixel ID on January 23, 2025.



1395 Brickell Avenue • Suite 610
Miami, Florida 33131-3353
(305) 357-2107 • www.hedinllp.com

On February 14, following a series of emails, defense counsel called Plaintiff's counsel to discuss production. Plaintiff's counsel responded by email on February 18. The parties spoke on February 19. On February 20, defense counsel emailed Plaintiff's counsel amended responses, and on February 21 emailed additional documents.

## II.    DISCOVERY DISPUTES

### A.    Plaintiff's Individual Discovery

On February 24, 2025, Plaintiff's counsel emailed defense counsel asking if Defendant was producing anything additional. On February 25, 2025, Plaintiff's counsel sent defense counsel another email contending that Defendant's responses are still deficient and asked to confer. She asserted in the email, and asserts as of the filing of this letter, that Defendant has not fully answered Interrogatories 3, 5, or 6. She also asserts that Defendant has not produced any documents in response to Plaintiff's RFPs 2, 3, 5, 6, 8, 10, 14, 16, 20, or 21.[2] It is also her position that Defendant has not produced documents in response to RFPs 2, 3, 4, 5, 6, 17, and 21 based on its prior agreement to conduct a reasonable search for such documents. Defense counsel advised that he needed to speak with his client, but was not available to speak with Plaintiff's counsel until March 3, the date of the filing of this letter.

Defendant is still evaluating whether it possesses additional documents in response to these requests. It will produce any documents located in a supplemental reasonable search by Friday, March 7, 2025, or inform Plaintiff that it has not located responsive documents. Defendant also believes that a brief additional conferral would be helpful with respect to the Interrogatories to determine what information Plaintiff contends is absent.

Currently, Defendant has objected in full to RFPs 8, 10, 14, and 16, and Plaintiff's counsel believes Plaintiff is entitled to those responses. Defendant is currently evaluating whether it intends to stand on its objections to these requests and will inform Plaintiff by February, March 7, 2025, whether it believes these issues warrant Court intervention.

Plaintiff asks this Court to set a status conference as stated in this Court's December 2 order to address the timing of Defendant's production and the legal disputes. Plaintiff's counsel does not believe, given her difficulty obtaining discovery thus far, that delaying a status for Defendant to further review the requests sent November 20, 2024, will be productive. Defendant believes a conference would be more productive after the parties know if there are any true legal disputes but does not oppose attending a status conference to discuss such issues.

---

[2] Pursuant to the Court's order staying class-wide discovery, Plaintiff agreed to limit certain requests to items related to Plaintiff or delay any response until after the stay is lifted. Plaintiff's current discovery disputes listed here are based on those limitations.



1395 Brickell Avenue • Suite 610
Miami, Florida 33131-3353
(305) 357-2107 • www.hedinllp.com

### B.     Class-Wide Discovery

Plaintiff asks this Court to revisit the stay on class-wide discovery for two reasons.  First, given Plaintiff contends that Defendant still has not produced the requested discovery limited only to Plaintiff, Plaintiff believes that obtaining sufficient responses from Defendant on a class-wide basis will take just as long, if not longer, delaying the case and requiring modification of this Court's scheduling order.  Second, Plaintiff believes that bifurcating discovery in this case is revealing itself to be potentially less efficient and more costly than providing Plaintiff with class-wide discovery at once.  Consequently, Plaintiff requests a status to address the class-wide stay.

Defendant asserts revisiting the stay on class-wide discovery would be inappropriate for three reasons.  First, Defendant contends that none of the underlying concerns in the motion to stay have changed since the parties briefed the dispute.  Second, if needed, Defendant states it is always willing to revisit reasonable modifications to the Rule 16 scheduling order under the event that the motion to dismiss is denied, and there is thus no prejudice to Plaintiff.  Third, Defendant disagrees that it would be less costly to provide class-wide discovery all it once for a non-profit with limited resources.  Again, Defendant is not opposed to a status conference to address the class-wide stay but would request the opportunity to submit briefing in advance if called to do so.

### C.     Third-Party Discovery

On December 11, 2024, Plaintiff served a subpoena on Meta Platforms, Inc. requesting information it received from Defendant via Defendant's Meta Pixel.  According to Plaintiff,[3] counsel for Meta responded with objections on December 26.  Plaintiff responded to Meta on January 6, 2025, with a proposed resolution, to which Meta agreed on January 9.  However, Meta stated that in order to begin its search for responsive documents, it needed all of Defendant's Meta Pixel IDs, and Plaintiff's Facebook ID.  Counsel for Meta stated it needed it all at the same time because it would only run one search.

Plaintiff's counsel asked defense counsel to confirm that a Meta Pixel ID, that she provided, was accurate.  Defense counsel confirmed it was accurate on January 23, 2025.  Defense counsel did not know that Meta needed all the information at the same time because it would only run one search.  Plaintiff's counsel provided Meta with the Meta Pixel ID on February 3, 2025.

Defendant provided Plaintiff an additional Meta Pixel ID at the latest on February 20, 2025.  Plaintiff's counsel sent it to counsel for Meta but does not know if this will delay Meta's response.  Plaintiff's counsel believes that it takes Meta 4–6 weeks to provide the subpoenaed information

---

[3] Defense counsel was not copied on any communications with Meta and cannot opine on their accuracy.



1395 Brickell Avenue • Suite 610
Miami, Florida 33131-3353
(305) 357-2107 • www.hedinllp.com

with respect to Plaintiff, and another 6–8 weeks to provide class-wide information.  Plaintiff has not received any documents yet from Meta.


Dated:  March 3, 2025

Respectfully submitted,
By: *s/ Julie Holt*
        Julie Holt

**HEDIN LLP**
Julie Holt (FBN 95997)
jholt@hedinllp.com
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

*Counsel for Plaintiff and the Putative Class*



By:  *s/Gerald L. Maatman, Jr.,*
        Gerald L. Maatman Jr.

**DUANE MORRIS LLP**
Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
gmaatman@duanemorris.com
jariley@duanemorris.com
rgarippo@duanemorris.com
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Tel:  (312) 499-6700
Fax: 312) 499-6701

*Attorneys for Defendant*

