IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **KENDRA HARPER**, *individually and on behalf of all others similarly situated,*<br><br>    *Plaintiff,*<br><br>  v.<br><br>**NBI, INC.**<br><br>    *Defendant.* | Judge William Conley<br><br>Magistrate Judge Anita Boor<br><br>Case No. 24-CV-00644 |

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE STATUS CONFERENCE

  Defendant NBI, Inc. ("NBI" or "Defendant"), by and through its attorneys, Duane Morris LLP, respectfully requests that the Court continue the status conference scheduled for the week of April 7, 2025, and hereby states as follows.

  1. On March 3, 2025, the Parties filed a joint letter status report outlining the progress of discovery in this matter. (ECF No. 29.) The letter explained, *inter alia*, that on February 6, 2025, "defense counsel suffered a death in his family" which affected the parties' conferral schedule. (*Id.* at 2.)

  2. In that letter, Plaintiff Kendra Harper ("Plaintiff") requested that the Court "set a status conference" to discuss any potential discovery disputes between the parties. (*Id.* at 1.) NBI did not object to that request. (*Id.*)

  3. In receipt of the Parties' joint letter, the Court granted the request for a conference on the status of discovery. (ECF No. 30.) Shortly after that Order, the Parties jointly moved to extend the deadline for the status conference to "the week of April 7, 2025" because the Parties were able to "come to some agreements that both parties hope

will eliminate the need for court intervention." (ECF No. 31 at 1.)  In connection with those agreements, NBI intended on making a supplemental production on March 27, 2025. (*Id.*)

4. However, on March 26, 2025, defense counsel, Ryan Garippo, unfortunately suffered a second unexpected death in his family.  He requires time to be with his family and likely also will be required to travel for the services.  This abrupt change to defense counsel's schedule makes the March 27, 2025, supplemental production unfeasible.

5. Because the requested status conference was related to the ongoing discovery discussions, NBI now moves to continue the status conference to allow its counsel additional time to complete its supplemental production, for the parties to confer in advance of the conference, and for the parties to submit letter briefs regarding their positions on any outstanding discovery disputes.

6. The Court may continue any act that must be done within a specific time upon a showing of good cause.  *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specific time, the court may for good cause, extend the time"); *see also McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) ("[U]nder Rule 6(b)(1), as interpreted by case law, the term 'good cause' imposes a light burden.") (quotations omitted).

7. Here, good cause exists due to the second unexpected death in counsel's family within a two-month period.  The urgent need for counsel to be with family and travel for the services demonstrates the need for an extension of the status conference date.  *See, e.g., Gruber v. Gedney*, No. 15-CV-00543, 2018 WL 3785469, at *2 (D. Nev. Aug.

- 3 -

9, 2018) (finding good cause for an extension where "Defendants' counsel has been sporadically out of the office dealing with the death of a member of her family.").

8. NBI proposes the following amended deadlines to allow the Parties to bring any issues "ripe for court intervention" to the Court's attention. (ECF No. 32.)

| Event | Date |
| --- | --- |
| NBI's supplemental production | April 11, 2025 |
| Parties' meet and confer | April 14-18, 2025 |
| Letter briefs | April 18, 2025 |
| Response briefs | April 23, 2025 |
| Status conference | A date acceptable to the Court following April 24, 2025 |

9. Prior to filing this motion, counsel for NBI conferred with counsel for Plaintiff and confirmed that this motion is unopposed. This motion is not made for the purpose of delay, or for any other improper purpose.

WHEREFORE, Defendant NBI, Inc respectfully requests that the Court enter an order adopting the proposed discovery schedule set forth in this motion and resetting the status conference to an acceptable date for the Court following April 24, 2025.

**Dated: March 27, 2025**              Respectfully submitted,

NBI, INC.

By: /s/ *Gerald L. Maatman, Jr.,*
One of its Attorneys

- 4 -

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Tel: (312) 499-6700
Fax: (312) 499-6701
Email: gmaatman@duanemorris.com
Email: jariley@duanemorris.com
Email: rgarippo@duanemorris.com

*Attorneys for Defendant*